John Rushing (331273)
Ryan McCarl (302206)
Davit Avagyan (336350)
**RUSHING MCCARL LLP**
2219 Main St. No. 144
Santa Monica, CA 90405
T: (310) 896-5082
E: info@rushingmccarl.com
*Attorneys for Defendant Ibrahim Mohammed*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTAA INVESTMENTS, LLC, a Delaware Limited Liability Company; 18150 TIGER, LLC, a Delaware Limited Liability Company; and PACIFIC VENTURE PARTNERS, LLC, a Delaware Limited Liability Company, <br><br> *Plaintiffs*, <br><br> v. <br><br> PRODUCTION CAPITAL, LLC, a Delaware Limited Liability Company; KEVIN ROBL, an Individual; IBRAHIM MOHAMMED, an Individual; and DOES 1 through 50, inclusive, <br><br> *Defendants*. | Case No. 2:22-CV-498 <br><br> Judge: Hon. Fred W. Slaughter <br><br> **Defendant Ibrahim Mohammed's Motion in Limine No. 9 to bar Plaintiffs from calling Mohammed's expert as a witness or using her report** <br><br> Complaint Filed: January 24, 2022 <br> Trial Date: June 13, 2023 <br><br> Hon. Fred W. Slaughter |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT IBRAHIM MOHAMMED'S MOTION IN LIMINE NO. 9 TO BAR PLAINTIFFS FROM CALLING MOHAMMED'S EXPERT AS A WITNESS OR USING HER REPORT**

## I. Introduction

Defendant Ibrahim Mohammed asks the Court to enter an order preventing Plaintiffs from calling Ellen Pittleman as a witness or using her deposition or expert report. Mohammed disclosed the potential expert witness Pittleman but is not calling her as a witness.

Plaintiffs know that Mohammed does not intend to call Pittleman as an expert, but have Plaintiffs have subpoenaed Pittleman and intend to call her as an expert witness (despite having failed to name her in their own expert disclosures). But no circumstances warrant an exception to the rules that prevent Plaintiffs from calling Pittleman as an expert when Mohammed is not.

To that end, Mohammed asks the Court to bar Plaintiffs from calling Ellen Pittleman as a witness, using her deposition or expert report, so long as Mohammed does not call her as a witness or use her report.

## II. Case background

Mohammed's Motion in Limine No. 1 provides a comprehensive case background and will not be restated here to conserve judicial resources. In summary, investor Fakhri made close to $200,000 investing in film-

financing deals brokered by Kevin Robl and his company, Production Capital.[1] Fakhri brought in his friend Ali Rashid to invest in the film-financing deals as well.[2] Both Fakhri and Rashid are sophisticated investors who have significant investments of their own and have built careers by advising clients on investing. They knew that Kevin Robl, the Hollywood insider, was the one sourcing the deals.[3]

Fakhri and Rashid both invested in one deal (Groove Tails) and Fakhri invested separately in another deal (Meg 2) and owned Class A shares. In each of these transactions, the financial structure of the deals was sound. Yet, at one point, Robl began to provide contrary instructions to those provided by Mohammed to third parties or not providing information and eventually absconded with investors' funds, (including Mohammed's and Plaintiffs').

### III.   Argument

Under Federal Rule of Civil Procedure 26(b)(4)(B), if the party designating an expert witness is not calling the witness at trial, the

---

[1] See Dkt. No. 81-5, Exh. 2 (Fakhri Dep. 167:6–23). See also Dkt. No. 81 at p. 3 n.1 (citing other relevant statements by Plaintiffs recounting their history of successfully investing with Robl and PC).
[2] See Dkt. No. 81-5, Exh. 2 (Fakhri Dep. 197:21–25); Dkt. No. 81-5, Exh. 3 (Rashid Dep. 149:24–150:4).
[3] See Dkt. No. 81-5, Exh. 2 (Fakhri Dep. 140:10–21).

opposing party may not call the witness except in "exceptional circumstances." Exceptional circumstances exist where an expert has unique expertise not readily available to others or has conducted tests that cannot be replicated.[4] It is not an "exceptional circumstance" that a party could have designated an expert but chose not to.[5] Absent a showing of "exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means," parties may not introduce the testimony of an adverse party's expert at trial if the adverse party decides not to call its own expert.[6]

Pittleman's expertise, film finance and the entertainment industry, is not unique. Pittleman's qualification is based on her career as a production company executive working in major production companies such as Paramount Pictures and others. But her qualifications are not so unique that Plaintiffs could not have found another person so qualified. Plaintiffs could have retained and designated an expert of similar qualifications, yet they chose not to. Pittleman's report provides her

---

[4] *FMC Corp. v. Vendo Co.*, 196 F. Supp. 2d 1023, 1046 (E.D. Cal. 2002)
[5] *See In re Homestore.com, Inc. Sec. Litig.*, No. CV 01-11115 RSWL (CWx), 2011 U.S. Dist. LEXIS 10677, at *10–11 (C.D. Cal. Jan. 25, 2011) (granting a motion in limine to bar a party from calling an adverse party's expert. The adverse party initially designated the expert as a testifying expert, but ultimately decided not to call them.).
[6] *Id.*

opinion on the film-financing deals at issue and the problems that Production Capital faced. Pittleman relied on documents available to the Plaintiffs, and any expert they retained could have reviewed and relied on the same documentation, but they chose not to designate an expert.

No "exceptional circumstances" exist that could justify allowing Plaintiffs to call Mohammed's nontestifying witness. Mohammed designated a potential expert witness but is no longer calling her to testify. Plaintiffs have no grounds to attempt to curtail the rules because they failed to designate an expert of their own.

## IV.  Conclusion

Mohammed designated Pittleman as an expert but is not calling her as a witness. Yet Plaintiffs have attempted to call her as a witness despite there being no circumstance justifying doing so. Plaintiffs chose not to designate an expert and, being unable to show any exceptional circumstances, must not be allowed to use Pittleman's deposition, report, or call her as a witness.

Dated: May 11, 2023

Respectfully submitted,

John Mayfield Rushing
(Cal. SBN 331273)

Ryan McCarl
(Cal. SBN 302206)

and Davit Avagyan (Cal. SBN 336350)

**RUSHING MCCARL LLP**
2219 Main St. No. 144 | Santa Monica, CA 90405
T: (310) 896-5082 | E: info@rushingmccarl.com

*Attorneys for Defendant Ibrahim Mohammed*

*Defendant's Motion in Limine No. 9*

**[Proposed] Order Granting Defendant Ibrahim Mohammed's Motion in Limine No. 9**

Before the Court is Defendant Ibrahim Mohammed's Motion in Limine No. 11 to bar Plaintiffs from calling Mohammed's expert or introducing her report at trial as evidence for any purpose. Mohammed is not calling the expert or introducing her report at trial. After consideration of the Motion and any related papers and arguments, the Court GRANTS Defendant's motion and ORDERS as follows:

- Plaintiffs shall remove Ellen Pittleman from their witness list and not call her as a witness or use her deposition for any purpose at trial.
- Plaintiffs shall not attempt to introduce at trial Ellen Pittleman's documents or expert report.

Dated: _____, 2023

_____
Hon. Fred W. Slaughter
United States District Judge