# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

FILED
CLERK, U.S. DISTRICT COURT

JUN 2 8 2023

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Case No.: 2:22-cv-00498-FWS-MAA

ALTAA INVESTMENTS, LLC, 18150
TIGER, LLC, AND PACIFIC
VENTURE PARTNERS, LLC

 Plaintiffs,

 v.

IBRAHIM MOHAMMED *et al.*,

 Defendants.

\* REDACTED \*

**VERDICT FORM**

# VERDICT FORM FOR PLAINTIFF ALTAA INVESTMENTS, LLC

We, the jury in the above-entitled case, find the following verdict on the questions submitted to us:

## CLAIM 1: INTENTIONAL MISREPRESENTATION – ALTAA INVESTMENTS, LLC

1.    Did Ibrahim Mohammed make a false representation of a fact to Altaa Investments, LLC?

Yes  ✓_____          No  _____

*If your answer to question 1 is yes, then answer question 2.  If you answered no, stop here, answer no further questions, and proceed to Claim 2: Concealment – Altaa Investments, LLC.*

2.    Did Ibrahim Mohammed know that the representation was false, or did he make the representation recklessly and without regard for its truth?

Yes  ✓_____          No  _____

*If your answer to question 2 is yes, then answer question 3.  If you answered no, stop here, answer no further questions, and proceed to Claim 2: Concealment – Altaa Investments, LLC.*

-1-

3. Did Ibrahim Mohammed intend that Altaa Investments, LLC rely on the representation?



Yes _____✓_____          No _____

*If your answer to question 3 is yes, then answer question 4.  If you answered no, stop here, answer no further questions, and proceed to Claim 2: Concealment – Altaa Investments, LLC.*

4. Did Altaa Investments, LLC reasonably rely on the representation?



Yes _____✓_____          No _____

*If your answer to question 4 is yes, then answer question 5.  If you answered no, stop here, answer no further questions, and proceed to Claim 2: Concealment – Altaa Investments, LLC.*

5. Was Altaa Investments, LLC's reliance on Ibrahim Mohammed's representation a substantial factor in causing harm to Altaa Investments, LLC?



Yes _____✓_____          No _____

*If your answer to question 5 is yes, then answer the "Superseding Cause" section later in this form.  If you answer either yes or no, proceed to Claim 2: Concealment – Altaa Investments, LLC.*

## CLAIM 2: CONCEALMENT - ALTAA INVESTMENTS, LLC

1.    Did Ibrahim Mohammed disclose a fact or facts to Plaintiff Altaa Investments, LLC but intentionally fail to disclose other facts, making the disclosure deceptive?

Yes ___✓___          No _____

*If your answer to question 1 is yes, then answer question 3.  If you answered no, then answer question 2.*

2.    Did Ibrahim Mohammed intentionally fail to disclose a fact or facts that Plaintiff Altaa Investments, LLC did not know and could not have reasonably discovered?

Yes _____          No _____

*If your answer to question 2 is yes, then answer question 3.  If you answered no, stop here, answer no further questions, and proceed to Claim 3: Negligent Misrepresentation – Altaa Investments, LLC.*

3.    Did Ibrahim Mohammed intend to deceive Altaa Investments, LLC by concealing the fact?

Yes _____          No ___✓___

*If your answer to question 3 is yes, then answer question 4.  If you answered no, stop here, answer no further questions, and proceed to Claim 3: Negligent Misrepresentation – Altaa Investments, LLC.*

4.    Had the omitted information been disclosed, would Altaa Investments, LLC reasonably have behaved differently?

Yes _____            No _____

*If your answer to question 4 is yes, then answer question 5.  If you answered no, stop here, answer no further questions, and proceed to Claim 3: Negligent Misrepresentation – Altaa Investments, LLC.*

5.    Was Ibrahim Mohammed's concealment a substantial factor in causing harm to Altaa Investments, LLC?

Yes _____            No _____

*If your answer to question 5 is yes, then answer the "Superseding Cause" section later in this form.  If you answered either yes or no, proceed to Claim 3: Negligent Misrepresentation– Altaa Investments, LLC.*

## CLAIM 3: NEGLIGENT MISREPRESENTATION –

## ALTAA INVESTMENTS, LLC

1.    Did Ibrahim Mohammed make a false representation of a fact to Altaa Investments, LLC?

Yes  ✓          No  _____

*If your answer to question 1 is yes, then answer question 2.  If you answered no, stop here, answer no further questions, and proceed to Claim 4: Civil RICO – Altaa Investments, LLC.*

2.    Did Ibrahim Mohammed honestly believe that the representation was true when he made it?

Yes  ✓          No  _____

*If your answer to question 2 is yes, then answer question 3.  If you answered no, stop here, answer no further questions, and proceed to Claim 4: Civil RICO – Altaa Investments, LLC.*

3.    Did Ibrahim Mohammed have reasonable grounds for believing the representation was true when he made it?

Yes  ✓          No  _____

*If your answer to question 3 is no, then answer question 4.  If you answered yes, stop here, answer no further questions, and proceed to Claim 4: Civil RICO – Altaa Investments, LLC.*

4.    Did Ibrahim Mohammed intend that Altaa Investments, LLC rely on the representation?

Yes _____              No _____

*If your answer to question 4 is yes, then answer question 5.  If you answered no, stop here, answer no further questions, and proceed to Claim 4: Civil RICO – Altaa Investments, LLC.*

5.    Did Altaa Investments, LLC reasonably rely on the representation?

Yes _____              No _____

*If your answer to question 5 is yes, then answer question 6.  If you answered no, stop here, answer no further questions, and proceed to Claim 4: Civil RICO – Altaa Investments, LLC.*

6.    Was Altaa Investments, LLC's reliance on Ibrahim Mohammed's representation a substantial factor in causing harm to Altaa Investments, LLC?

Yes _____              No _____

*If your answer to question 6 is yes, then answer the "Superseding Cause" section later in this form. If you answered either yes or no, proceed to Claim 4: Civil RICO– Altaa Investments, LLC.*

## CLAIM 4: CIVIL RICO - ALTAA INVESTMENTS, LLC

1.     Did Altaa Investments, LLC prove by a preponderance of the evidence that Ibrahim Mohammed conducted or participated, directly or indirectly, in the conduct of the enterprise's affairs through a pattern of racketeering activity?

Yes __√__          No _____

*If your answer to question 1 is yes, then answer question 2.  If you answered no, stop here, answer no further questions, and proceed to Claim 5: RICO Conspiracy – Altaa Investments, LLC.*

2.     Did Altaa Investments, LLC prove by a preponderance of the evidence that Ibrahim Mohammed committed two predicate acts of wire fraud?

Yes _____          No __√__

*If your answer to question 2 is yes, then answer question 3.  If you answered no, stop here, answer no further questions, and proceed to Claim 5: RICO Conspiracy – Altaa Investments, LLC.*

3.     Did Altaa Investments, LLC prove by a preponderance of the evidence that Ibrahim Mohammed engaged in an agreement with another entity to commit a substantive violation of RICO, through the predicate acts of wire fraud?

Yes _____          No _____

*If your answer to question 3 is yes, then answer question 4.  If you answered no, stop here, answer no further questions, and proceed to Claim 5: RICO Conspiracy – Altaa Investments, LLC.*

4.      Did Altaa Investments, LLC prove by a preponderance of the evidence that Ibrahim Mohammed's conduct constituting the alleged violation caused an injury to Altaa Investments, LLC's business or property?

Yes _____          No _____

*If you answered either yes or no, proceed to Claim 5: RICO Conspiracy – Altaa Investments, LLC*

## CLAIM 5: RICO CONSPIRACY - ALTAA INVESTMENTS, LLC

1.   Did Altaa Investments, LLC prove by a preponderance of the evidence that Ibrahim Mohammed and at least one other person agreed to try to accomplish an unlawful plan to engage in a pattern of racketeering activity?

Yes _____          No ___✓___

*If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.*

2.   Did Altaa Investments, LLC prove by a preponderance of the evidence that Ibrahim Mohammed agreed to the overall objective of the conspiracy *or* that Ibrahim Mohammed agreed with at least one other defendant to commit two predicate acts as part of the conspiracy?

Yes _____          No _____

## AFFIRMATIVE DEFENSE: SUPERSEDING CAUSE –
## ALTAA INVESTMENTS, LLC

*If you answered yes to all questions for Claim 1 (Intentional Misrepresentation), Claim 2 (Concealment), and/or Claim 3 (Negligent Misrepresentation), answer the following:*

    1. Did Kevin Robl's conduct occur after the conduct of Ibrahim Mohammed?

        Yes _____          No ___✓___

*If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and then proceed to "Damages Form 1." Do not fill out "Damages Form 2."*

    2. Would a reasonable person consider Kevin Robl's conduct a highly unusual or an extraordinary response to the situation?

        Yes _____          No _____

*If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and then proceed to "Damages Form 1." Do not fill out "Damages Form 2."*

    3. Did Ibrahim Mohammed not know and had no reason to expect that Kevin Robl would act in a wrongful manner?

        Yes _____          No _____

*If your answer to question 3 is yes, then answer question 4.  If you answered no, stop here, answer no further questions, and then proceed to "Damages Form 1."  Do not fill out "Damages Form 2."*

4. Was the kind of harm resulting from Kevin Robl's conduct different from the kind of harm that could have been reasonably expected from Ibrahim Mohammed's conduct?

Yes _____          No _____

*If you answered yes to question 4 and did not find liability for Claim 4: Civil RICO and/or Claim 5: RICO Conspiracy, then stop here, answer no further questions, and have the presiding juror sign and date this form.*

*If your answered yes to question 4 and found liability for Claim 4: Civil RICO and/or Claim 5: RICO Conspiracy, then proceed to "Damages Form 2." Do not fill out "Damages Form 1."*

*If you answered no to question 4, then proceed to the "Damages Form 1" section and "Punitive Damages Liability" section.  Do not fill out "Damages Form 2."*

Dated:  06/28/23

Signed:  REDACTED

*Presiding Juror*

-12-

*Fill out either Damages Form 1 or Damages Form 2.  Do not fill out both.*

## **DAMAGES FORM 1 – ALTAA INVESTMENTS, LLC**

You have found Ibrahim Mohammed to be responsible for at least one of the
following claims brought by Plaintiff Altaa Investments, LLC: Intentional
Misrepresentation, Concealment, Negligent Misrepresentation, Civil RICO (18 U.S.C.
§ 1962(c)), and/or Civil RICO Conspiracy (18 U.S.C. § 1962(d)) .  Please state the total
amount of damages for which Mr. Mohammed is responsible.

What are Plaintiff Altaa Investments, LLC's damages?

**TOTAL:** $ 728,333.20

Dated:        06/28/23

Signed:       REDACTED

*Presiding Juror*

-13-

*Fill out either Damages Form 1 or Damages Form 2. Do not fill out both.*

## **DAMAGES FORM 2 – ALTAA INVESTMENTS, LLC**

You have found Ibrahim Mohammed to be responsible for one of the following claims brought by Plaintiff Altaa Investments, LLC: Civil RICO (18 U.S.C. § 1962(c)) and/or RICO Conspiracy (18 U.S.C. § 1962(d)). Please state the total amount of damages for which Mr. Mohammed is responsible.

What are Plaintiff Altaa Investments, LLC's damages?

**TOTAL**: $_____

Dated:        _____

Signed:       _____

           *Presiding Juror*

## PUNITIVE DAMAGES LIABILITY – ALTAA INVESTMENTS, LLC

*If you found that Defendant Ibrahim Mohammed is liable to Plaintiff Altaa Investments, LLC for intentional misrepresentation and/or concealment, please answer the following question:*

1. Did Plaintiff Altaa Investments, LLC prove by clear and convincing evidence that Defendant Ibrahim Mohammed engaged in conduct with malice, oppression, or fraud?

    Yes _____          No ___✓___

Dated:  _06/28/23_____

Signed.  _REDACTED_____

*Presiding Juror*

# VERDICT FORM FOR PLAINTIFF 18150 TIGER, LLC

We, the jury in the above-entitled case, find the following verdict on the questions submitted to us:

## CLAIM 1: INTENTIONAL MISREPRESENTATION 18150 TIGER, LLC

1. Did Ibrahim Mohammed make a false representation of a fact to 18150 Tiger, LLC?

    Yes ___✓___          No _____

*If your answer to question 1 is yes, then answer question 2.  If you answered no, stop here, answer no further questions, and proceed to Claim 2: Concealment – 18150 Tiger, LLC.*

2. Did Ibrahim Mohammed know that the representation was false, or did he make the representation recklessly and without regard for its truth?

    Yes ___✓___          No _____

*If your answer to question 2 is yes, then answer question 3.  If you answered no, stop here, answer no further questions, and proceed to Claim 2: Concealment – 18150 Tiger, LLC.*

3. Did Ibrahim Mohammed intend that 18150 Tiger, LLC rely on the representation?



Yes _____          No _____

*If your answer to question 3 is yes, then answer question 4.  If you answered no, stop here, answer no further questions, and proceed to Claim 2: Concealment – 18150 Tiger, LLC.*

4. Did 18150 Tiger, LLC reasonably rely on the representation?



Yes _____          No _____

*If your answer to question 4 is yes, then answer question 5.  If you answered no, stop here, answer no further questions, and proceed to Claim 2: Concealment – 18150 Tiger, LLC.*

5. Was 18150 Tiger, LLC's reliance on Ibrahim Mohammed's representation a substantial factor in causing harm to 18150 Tiger, LLC?

Yes _____          No _____

*If your answer to question 5 is yes, then fill out the "Damages Form – 18150 Tiger, LLC" section later in this form.  If you answer either yes or no, proceed to Claim 2: Concealment – 18150 Tiger, LLC.*

## CLAIM 2: CONCEALMENT – 18150 TIGER, LLC

1. Did Ibrahim Mohammed disclose a fact or facts to Plaintiff 18150 Tiger, LLC but intentionally fail to disclose other facts, making the disclosure deceptive?

   Yes ___✓___          No _____

*If your answer to question 1 is yes, then answer question 3. If you answered no, then answer question 2.*

2. Did Ibrahim Mohammed intentionally fail to disclose a fact or facts that Plaintiff 18150 Tiger, LLC did not know and could not have reasonably discovered?

   Yes _____          No _____

*If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and proceed to Claim 3: Negligent Misrepresentation – Altaa Investments, LLC.*

3. Did Ibrahim Mohammed intend to deceive 18150 Tiger, LLC?

   Yes _____          No ___✓___

*If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and proceed to Claim 3: Negligent Misrepresentation – 18150 Tiger, LLC.*

4. Had the omitted information been disclosed, would 18150 Tiger, LLC reasonably have behaved differently?

Yes _____          No _____

*If your answer to question 4 is yes, then answer question 5.  If you answered no, stop here, answer no further questions, and proceed to Claim 3: Negligent Misrepresentation – 18150 Tiger, LLC.*

5. Was Ibrahim Mohammed's concealment a substantial factor in causing harm to 18150 Tiger, LLC?

Yes _____          No _____

*If your answer to question 5 is yes, then fill out the "Damages Form – 18150 Tiger, LLC" section later in this form.  If you answered either yes or no, proceed to Claim 3: Negligent Misrepresentation– 18150 Tiger, LLC.*

## CLAIM 3: NEGLIGENT MISREPRESENTATION – 18150 TIGER, LLC

1. Did Ibrahim Mohammed make a false representation of a fact to 18150 Tiger, LLC?

      Yes  ✓_____        No _____

*If your answer to question 1 is yes, then answer question 2.  If you answered no, stop here, answer no further questions, and proceed to Claim 4: Civil RICO – 18150 Tiger, LLC.*

2. Did Ibrahim Mohammed honestly believe that the representation was true when he made it?

      Yes  ✓_____        No _____

*If your answer to question 2 is yes, then answer question 3.  If you answered no, stop here, answer no further questions, and proceed to Claim 4: Civil RICO – 18150 Tiger, LLC.*

3. Did Ibrahim Mohammed have reasonable grounds for believing the representation was true when he made it?

      Yes  ✓_____        No _____

*If your answer to question 3 is no, then answer question 4.  If you answered yes, stop here, answer no further questions, and proceed to Claim 4: Civil RICO – 18150 Tiger, LLC.*

4. Did Ibrahim Mohammed intend that 18150 Tiger, LLC rely on the representation?

Yes _____          No _____

*If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and proceed to Claim 4: Civil RICO – 18150 Tiger, LLC.*

5. Did 18150 Tiger, LLC reasonably rely on the representation?

Yes _____          No _____

*If your answer to question 5 is yes, then answer question 6. If you answered no, stop here, answer no further questions, and proceed to Claim 4: Civil RICO – 18150 Tiger, LLC.*

6. Was 18150 Tiger, LLC's reliance on Ibrahim Mohammed's representation a substantial factor in causing harm to 18150 Tiger, LLC?

Yes _____          No _____

*If your answer to question 6 is yes, then fill out the "Damages Form – 18150 Tiger, LLC" section later in this form. If you answered either yes or no, proceed to Claim 4: Civil RICO– 18150 Tiger, LLC.*

## CLAIM 4: CIVIL RICO – 18150 TIGER, LLC

1. Did 18150 Tiger, LLC prove by a preponderance of the evidence that Ibrahim Mohammed conducted or participated, directly or indirectly, in the conduct of the enterprise's affairs through a pattern of racketeering activity?

   Yes ____✓____        No _____

*If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and proceed to Claim 5: RICO Conspiracy – 18150 Tiger, LLC.*

2. Did 18150 Tiger, LLC prove by a preponderance of the evidence that Ibrahim Mohammed committed two predicate acts of wire fraud?

   Yes _____        No ____✓____

*If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and proceed to Claim 5: RICO Conspiracy – 18150 Tiger, LLC.*

3. Did 18150 Tiger, LLC prove by a preponderance of the evidence that Ibrahim Mohammed engaged in an agreement with another entity to commit a substantive violation of RICO, through the predicate acts of wire fraud?

   Yes _____        No _____

*If your answer to question 3 is yes, then answer question 4.  If you answered no, stop here, answer no further questions, and proceed to Claim 5: RICO Conspiracy – 18150 Tiger, LLC.*

4. Did 18150 Tiger, LLC prove by a preponderance of the evidence that Ibrahim Mohammed's conduct constituting the alleged violation caused an injury to 18150 Tiger, LLC's business or property?

Yes _____          No _____

*If your answer to question 4 is yes, then fill out the "Damages Form – 18150 Tiger, LLC" section later in this form.  If you answered either yes or no, proceed to Claim 5: RICO Conspiracy – Altaa Investments, LLC*

## CLAIM 5: RICO CONSPIRACY – 18150 TIGER, LLC

1. Did 18150 Tiger, LLC prove by a preponderance of the evidence that Ibrahim Mohammed and at least one other person agreed to try to accomplish an unlawful plan to engage in a pattern of racketeering activity?

    Yes _____            No ___✓___

*If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.*

2. Did 18150 Tiger, LLC prove by a preponderance of the evidence that Ibrahim Mohammed agreed to the overall objective of the conspiracy *or* that Ibrahim Mohammed agreed with at least one other defendant to commit two predicate acts as part of the conspiracy?

    Yes _____            No _____

*If your answer to question 2 is yes, then fill out the "Damages Form – 18150 Tiger, LLC" section later in this form.*

## DAMAGES FORM – 18150 TIGER, LLC

You have found Ibrahim Mohammed to be responsible for at least one of the following claims brought by Plaintiff 18150 Tiger, LLC: Intentional Misrepresentation, Concealment, Negligent Misrepresentation, Civil RICO (18 U.S.C. § 1962(c)), and/or RICO Conspiracy (18 U.S.C. § 1962(d)) . Please state the total amount of damages for which Mr. Mohammed is responsible.

What are Plaintiff 18150 Tiger, LLC's damages?

**TOTAL**: $ 595,000

Dated:    06/28/23

Signed:   REDACTED

*Presiding Juror*

-25-

## PUNITIVE DAMAGES LIABILITY – 18150 TIGER, LLC

*If you found that Defendant Ibrahim Mohammed is liable to Plaintiff 18150 Tiger, LLC for*
*fraudulent misrepresentation and/or concealment, please answer the following question:*

1. Did Plaintiff 18150 Tiger, LLC prove by clear and convincing evidence that
   Defendant Ibrahim Mohammed engaged in conduct with malice, oppression, or
   fraud?

   Yes _____          No √ _____

Dated: _06/28/23_____

Signed: _REDACTED_____.

   *Presiding Juror*

# VERDICT FORM FOR PLAINTIFF PACIFIC VENTURE PARTNERS, LLC

We, the jury in the above-entitled case, find the following verdict on the questions submitted to us:

## CLAIM 1: INTENTIONAL MISREPRESENTATION – PACIFIC VENTURE PARTNERS, LLC

1. Did Ibrahim Mohammed make a false representation of a fact to Pacific Venture Partners, LLC?

    Yes ___✓___          No _____

   *If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and proceed to Claim 2: Concealment – Pacific Venture Partners, LLC.*

2. Did Ibrahim Mohammed know that the representation was false, or did he make the representation recklessly and without regard for its truth?

    Yes ___✓___          No _____

   *If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and proceed to Claim 2: Concealment – Pacific Venture Partners, LLC.*

3. Did Ibrahim Mohammed intend that Pacific Venture Partners, LLC rely on the representation?

-27-

Yes       No _____

*If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and proceed to Claim 2: Concealment – Pacific Venture Partners, LLC.*

4. Did Pacific Venture Partners, LLC reasonably rely on the representation?

Yes       No _____

*If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and proceed to Claim 2: Concealment – Pacific Venture Partners, LLC.*

5. Was Pacific Venture Partners, LLC's reliance on Ibrahim Mohammed's representation a substantial factor in causing harm to Pacific Venture Partners, LLC?

Yes ✓_____      No _____

*If your answer to question 5 is yes, then answer the "Superseding Cause" section later in this form. If you answered no, stop here, answer no further questions, and proceed to Claim 2: Concealment – Pacific Venture Partners, LLC.*

## CLAIM 2: CONCEALMENT – PACIFIC VENTURE PARTNERS, LLC

1. Did Ibrahim Mohammed disclose a fact or facts to Plaintiff Pacific Venture Partners, LLC but intentionally fail to disclose other facts, making the disclosure deceptive?

    Yes __✓__          No _____

*If your answer to question 1 is yes, then answer question 3.  If you answered no, then answer question 2.*

2. Did Ibrahim Mohammed intentionally fail to disclose a fact or facts that Plaintiff Pacific Venture Partners, LLC did not know and could not have reasonably discovered?

    Yes _____          No _____

*If your answer to question 2 is yes, then answer question 3.  If you answered no, stop here, answer no further questions, and proceed to Claim 3: Negligent Misrepresentation – Altaa Investments, LLC.*

3. Did Ibrahim Mohammed intend to deceive Pacific Venture Partners, LLC by concealing the fact?

    Yes _____          No __✓__

*If your answer to question 3 is yes, then answer question 4.  If you answered no, stop here, answer no further questions, and proceed to Claim 3: Negligent Misrepresentation – Pacific Venture Partners, LLC.*

4. Had the omitted information been disclosed, would Pacific Venture Partners, LLC reasonably have behaved differently?

   Yes _____         No _____

*If your answer to question 4 is yes, then answer question 5.  If you answered no, stop here, answer no further questions, and proceed to Claim 3: Negligent Misrepresentation – Pacific Venture Partners, LLC.*

5. Was Ibrahim Mohammed's concealment a substantial factor in causing harm to Pacific Venture Partners, LLC?

   Yes _____         No _____

*If your answer to question 5 is yes, then answer the "Superseding Cause" section later in this form.  If you answered no, stop here, answer no further questions, and proceed to Claim 3: Negligent Misrepresentation – Pacific Venture Partners, LLC.*

## CLAIM 3: NEGLIGENT MISREPRESENTATION –

## PACIFIC VENTURE PARTNERS, LLC

1. Did Ibrahim Mohammed make a false representation of a fact to Pacific Venture Partners, LLC?

   Yes ___✓___          No _____

   *If your answer to question 1 is yes, then answer question 2.  If you answered no, stop here, answer no further questions, and proceed to Claim 4: Civil RICO – Pacific Venture Partners, LLC.*

2. Did Ibrahim Mohammed honestly believe that the representation was true when he made it?

   Yes ___✓___          No _____

   *If your answer to question 2 is yes, then answer question 3.  If you answered no, stop here, answer no further questions, and proceed to Claim 4: Civil RICO – Pacific Venture Partners, LLC.*

3. Did Ibrahim Mohammed have reasonable grounds for believing the representation was true when he made it?

   Yes ___✓___          No _____

*If your answer to question 3 is no, then answer question 4.  If you answered yes,
stop here, answer no further questions, and proceed to Claim 4: Civil RICO – Pacific
Venture Partners, LLC.*

4. Did Ibrahim Mohammed intend that Pacific Venture Partners, LLC rely on the
representation?

Yes _____        No _____

*If your answer to question 4 is yes, then answer question 5.  If you answered no,
stop here, answer no further questions, and proceed to Claim 4: Civil RICO – Pacific
Venture Partners, LLC.*

5. Did Pacific Venture Partners, LLC reasonably rely on the representation?

Yes _____        No _____

*If your answer to question 5 is yes, then answer question 6.  If you answered no,
stop here, answer no further questions, and proceed to Claim 4: Civil RICO – Pacific
Venture Partners, LLC.*

6. Was Pacific Venture Partners, LLC's reliance on Ibrahim Mohammed's
representation a substantial factor in causing harm to Pacific Venture Partners, LLC?

Yes _____        No _____

*If your answer to question 6 is yes, then answer the "Superseding Cause" section later in this form.  If you answered either yes or no, proceed to Claim 4: Civil RICO– Pacific Venture Partners, LLC.*

## CLAIM 4: CIVIL RICO – PACIFIC VENTURE PARTNERS, LLC

1. Did Pacific Venture Partners, LLC prove by a preponderance of the evidence that Ibrahim Mohammed conducted or participated, directly or indirectly, in the conduct of the enterprise's affairs through a pattern of racketeering activity?

   Yes ___✓___        No _____

*If your answer to question 1 is yes, then answer question 2.  If you answered no, stop here, answer no further questions, and proceed to Claim 5: RICO Conspiracy – Pacific Venture Partners, LLC.*

2. Did Pacific Venture Partners, LLC prove by a preponderance of the evidence that Ibrahim Mohammed committed two predicate acts of wire fraud?

   Yes _____        No ___✓___

*If your answer to question 2 is yes, then answer question 3.  If you answered no, stop here, answer no further questions, and proceed to Claim 5: RICO Conspiracy – Pacific Venture Partners, LLC.*

3. Did Pacific Venture Partners, LLC prove by a preponderance of the evidence that Ibrahim Mohammed engaged in an agreement with another entity to commit a substantive violation of RICO, through the predicate acts of wire fraud?

   Yes _____        No _____

*If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and proceed to Claim 5: RICO Conspiracy – Pacific Venture Partners, LLC.*

4.  Did Pacific Venture Partners, LLC prove by a preponderance of the evidence that Ibrahim Mohammed's conduct constituting the alleged violation caused an injury to Pacific Venture Partners, LLC's business or property?

Yes _____          No _____

*If you answered either yes or no, proceed to Claim 5: RICO Conspiracy – Pacific Venture Partners, LLC*

## CLAIM 5: RICO CONSPIRACY –

## PACIFIC VENTURE PARTNERS, LLC

1. Did Pacific Venture Partners, LLC prove by a preponderance of the evidence that Ibrahim Mohammed and at least one other person agreed to try to accomplish an unlawful plan to engage in a pattern of racketeering activity?

    Yes _____        No __✓___

*If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.*

2. Did Pacific Venture Partners, LLC prove by a preponderance of the evidence that Ibrahim Mohammed agreed to the overall objective of the conspiracy *or* that Ibrahim Mohammed agreed with at least one other defendant to commit two predicate acts as part of the conspiracy?

    Yes _____        No _____

## **AFFIRMATIVE DEFENSE: SUPERSEDING CAUSE –**

## **PACIFIC VENTURE PARTNERS, LLC**

*If you answered yes to all questions for Claims 1 (Intentional Misrepresentation), Claim 2 (Concealment), and/or Claim 3 (Negligent Misrepresentation), answer the following*:

1. Did Kevin Robl's conduct occur after the conduct of Ibrahim Mohammed?

    Yes _____          No __✓____

    *If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and then proceed to "Damages Form 1." Do not fill out "Damages Form 2."*

2. Would a reasonable person consider Kevin Robl's conduct a highly unusual or an extraordinary response to the situation?

    Yes _____          No _____

    *If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and then proceed to "Damages Form 1." Do not fill out "Damages Form 2."*

3. Did Ibrahim Mohammed not know and had no reason to expect that Kevin Robl would act in a wrongful manner?

    Yes _____          No _____

-37-

*If your answer to question 3 is yes, then answer question 4.  If you answered no, stop here, answer no further questions, and then proceed to "Damages Form 1."  Do not fill out "Damages Form 2."*

4. Was the kind of harm resulting from Kevin Robl's conduct different from the kind of harm that could have been reasonably expected from Ibrahim Mohammed's conduct?

Yes _____          No _____

*If you answered yes to question 4 <u>and</u> did not find liability for Claim 4: Civil RICO and/or Claim 5: RICO Conspiracy, then stop here, answer no further questions, and have the presiding juror sign and date this form.*

*If your answered yes to question 4 <u>and</u> found liability for Claim 4: Civil RICO and/or Claim 5: RICO Conspiracy, then proceed to "Damages Form 2." Do not fill out "Damages Form 1."*

*If you answered no to question 4, then proceed to the "Damages Form 1" section and "Punitive Damages Liability" section.  Do not fill out "Damages Form 2."*

Dated:      06/28/23

Signed:      REDACTED

*Presiding Juror*

-38-

*Fill out either Damages Form 1 or Damages Form 2. Do not fill out both.*

## DAMAGES FORM 1 – PACIFIC VENTURE PARTNERS, LLC

You have found Ibrahim Mohammed to be responsible for at least one of the
following claims brought by Plaintiff Pacific Venture Partners, LLC: Intentional
Misrepresentation, Concealment, Negligent Misrepresentation, Civil RICO (18 U.S.C.
§ 1962(c)), and/or Civil RICO Conspiracy (18 U.S.C. § 1962(d)) .  Please state the total
amount of damages for which Mr. Mohammed is responsible.

What are Plaintiff Pacific Venture Partners Investments, LLC's damages?

**TOTAL**: $ 345,454.20

Dated:      06/28/ 23

Signed:      REDACTED

*Presiding Juror*

-39-

*Fill out either Damages Form 1 or Damages Form 2.  Do not fill out both.*

## DAMAGES FORM 2 – PACIFIC VENTURE PARTNERS, LLC

You have found Ibrahim Mohammed to be responsible for at least one of the following claims brought by Plaintiff Pacific Venture Partners, LLC: Civil RICO (18 U.S.C. § 1962(c)) and/or RICO Conspiracy (18 U.S.C. § 1962(d)) .  Please state the total amount of damages for which Mr. Mohammed is responsible.

What are Plaintiff Pacific Venture Partners, LLC's damages?

**TOTAL**: $_____

Dated:         _____

Signed:        _____
                    *Presiding Juror*

**PUNITIVE DAMAGES LIABILITY – PACIFIC VENTURE PARTNERS, LLC**

*If you found that Defendant Ibrahim Mohammed is liable to Plaintiff Pacific Venture Partners, LLC for intentional misrepresentation and/or concealment, please answer the following question:*

1. Did Plaintiff Pacific Venture Partners, LLC prove by clear and convincing evidence that Defendant Ibrahim Mohammed engaged in conduct with malice, oppression, or fraud?

   Yes _____         No __✓___

   Dated: ___06/28/23_____

   Signed: ___REDACTED_____

   *Presiding Juror*

-41-