___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:22-cv-00498-FWS-MAA | Date: December 13, 2023 |
| Title: Altaa Investments, LLC et al v. Production Capital, LLC *et al.* | |

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER GRANTING PLAINTIFFS' MOTION FOR ORDER TO INCLUDE SPECIFIC AMOUNTS OF PREJUDGMENT INTEREST AND COSTS IN FINAL JUDGMENT [215]; DENYING DEFENDANT'S MOTION TO AMEND JUDGMENT [216]; DENYING DEFENDANT'S MOTION FOR NEW TRIAL [239]; AND DENYING DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW [240]**

Before the court are four motions: (1) Plaintiffs Altaa Investments, LLC, 18150 Tiger, LLC, and Pacific Venture Partners, LLC's (collectively, "Plaintiffs") Motion for Order to Include Specific Amounts of Prejudgment Interest and Costs in Final Judgment, (Dkt. 215); (2) Defendant Ibrahim Mohammed's ("Defendant") Motion to Amend Judgment, (Dkt. 216); (3) Defendant's Motion for New Trial, (Dkt. 239); and (4) Defendant's Motion for Judgment as a Matter of Law, (Dkt. 240). On September 28, 2023, the court held a hearing on these matters and took the matters under submission. (Dkt. 249.) Based on the law, as applied to the applicable facts, the Motions are **GRANTED IN PART AND DENIED IN PART**. The court's rulings on each individual Motion are summarized at the end of this Order.

///
///
///

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:22-cv-00498-FWS-MAA                                      Date: December 13, 2023
Title: Altaa Investments, LLC et al v. Production Capital, LLC *et al.*

### I. Discussion

#### a. Plaintiffs' Motion for Order to Include Specific Amounts of Prejudgment Interest and Costs in Final Judgment (Dkt. 215) and Defendant's Motion to Amend Judgment (Dkt. 216)

In Plaintiffs' Motion for Order to Include Specific Amounts of Prejudgment Interest and Costs in Final Judgment (Dkt. 215), Plaintiffs move under Federal Rule of Civil Procedure 60(a) to include the specific prejudgment interest owed, or alternatively, under Rule 59 to amend the judgment. (*See generally* Dkt. 215.) Plaintiffs argue the issue of prejudgment interest is governed by state law where, as here, the underlying claim is asserted under state law. Accordingly, Plaintiffs argue California law governs the applicable rate of prejudgment interest. (*Id*. at 3-4.)

Defendant argues prejudgment interest should not be awarded because prejudgment interest was not requested of or awarded by the jury, was not requested by motion, and is not supported under California law. (*See generally* Dkt. 216; *see also* Dkt. 246.) For the reasons discussed below, the court agrees with Plaintiffs that the judgment should be amended to include the specific prejudgment interest owed to Plaintiffs.

Under California Civil Code Section 3287(a), prejudgment interest is awarded as follows:

A person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in the person upon a particular day, is entitled also to recover interest thereon from that day, except when the debtor is prevented by law, or by the act of the creditor from paying the debt. This section is applicable to recovery of damages and interest from any debtor, including the state or any county, city, city and county, municipal corporation, public district, public agency, or any political subdivision of the state.

*Id*.

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-00498-FWS-MAA                                          Date: December 13, 2023
Title: Altaa Investments, LLC et al v. Production Capital, LLC *et al.*

California Civil Code Section 3287(c) further provides that unless a different statute provides otherwise, "interest shall accrue at a rate equal to the weekly average one year constant maturity United States Treasury yield, but shall not exceed 7 percent per annum." *Id*.

"Section 3287(a) allows recovery of interest from the time the creditor's right to recover is vested . . . . *Diaz v. Kubler Corp*., 785 F.3d 1326, 1329 (9th Cir. 2015) (internal quotation marks omitted) (citing *Evanston Ins. Co. v. OEA, Inc*., 566 F.3d 915, 921 (9th Cir. 2009)). "California cases uniformly have interpreted the vesting requirement as being satisfied at the time that the amount of damages become certain or capable of being made certain, not the time liability to pay those amounts is determined." *Id.* (internal quotation marks omitted) (citing *Evanston Ins. Co.*, 566 F.3d at 921). "Damages are deemed certain or capable of being made certain within the provisions of subdivision (a) of section 3287 where there is essentially no dispute between the parties concerning the basis of computation of damages if any are recoverable but where their dispute centers on the issue of liability giving rise to damage." *Leff v. Gunter*, 33 Cal.3d 508, 519 (1983) (citation omitted).

"The test for recovery of prejudgment interest under section 3287, subdivision (a) is whether defendant (1) actually knows the amount of damages owed plaintiff, or (2) could have computed that amount from reasonably available information." *KGM Harvesting Co. v. Fresh Network*, 36 Cal. App. 4th 376, 391 (1995); *see also Bullock v. Philip Morris USA, Inc*., 198 Cal. App. 4th 543, 573-74 (2011) ("Damages are certain or capable of being made certain by calculation, or ascertainable, for purposes of Civil Code section 3287, subdivision (a) if the defendant actually knows the amount of damages or could compute that amount from readily available information . . . . In contrast, damages that must be determined by the trier of fact based on conflicting evidence are not ascertainable."). "The fact that the plaintiff prays for an amount in excess of the actual award does not render damages uncertain." *Brocklesby v. United States*, 767 F.2d 1288, 1298 (9th Cir. 1985).

The court briefly reviews the relevant record in this case. On June 13, 2023, a jury trial commenced in this matter. (Dkt. 154.) On the same day, the parties filed a joint stipulation regarding several facts, including the damages at issue in this case. (Dkt. 155.) The joint stipulation provided that the following sums of money remained at issue: (1) a June 10, 2021,

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:22-cv-00498-FWS-MAA | Date: December 13, 2023 |
| Title: Altaa Investments, LLC et al v. Production Capital, LLC *et al.* | |

wire transfer from Plaintiff 18150 Tiger, LLC to Friends of Production Capital II, LLC for $850,000 remained unpaid; (2) an August 13, 2021, wire transfer from Plaintiff Altaa Investments, LLC to an attorney-client trust account for $1,150,000 had been partially re-paid, with $1,040,476 in principal still outstanding; and (3) an August 13, 2021, wire transfer from Plaintiff Pacific Venture Partners, LLC to an attorney-client trust account for $750,000 had been partially re-paid, with $493,506 in principal still outstanding. (*Id.*)

On June 28, 2023, the jury returned a verdict for Plaintiffs on their first claim for intentional misrepresentation. (Dkt. 196.) The jury awarded Plaintiff 18150 Tiger, LLC $595,000.00 in damages, Plaintiff Altaa Investments, LLC $728,333.20 in damages, and Plaintiff Pacific Venture Partners, LLC $345,454.20 in damages. (*Id.*) In sum, the jury awarded slightly less than the damages that had been stipulated to in this case. (*Compare* Dkts. 155 and 196.) On July 14, 2023, judgment was entered for Plaintiffs. (Dkt. 213.)

In this case, the court concludes that damages are ascertainable and prejudgment interest is recoverable under Section 3287. That the damages ultimately awarded fell short of the amount sought by Plaintiffs does not render damages uncertain. *See Brocklesby*, 767 F.2d at 1298 ("The fact that the plaintiff prays for an amount in excess of the actual award does not render damages uncertain."). Nor can there be any dispute that Defendant was aware of the amount of damages at issue given that such facts were stipulated to at the beginning of trial. *See KGM Harvesting*, 36 Cal. App. 4th at 391 ("The test for recovery of prejudgment interest under section 3287, subdivision (a) is whether defendant (1) actually knows the amount of damages owed plaintiff, or (2) could have computed that amount from reasonably available information.").

Accordingly, the court concludes that Plaintiffs are entitled to the following in prejudgment interest, calculated at seven percent per annum per Civil Code Section 3287, as follows:

- Plaintiff 18150 Tiger, LLC was awarded $595,000 in damages. Interest on this sum at seven percent per annum from June 10, 2021, to July 14, 2023, is **$87,179.73**. The interest due is calculated as follows. The judgment of $595,000

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:22-cv-00498-FWS-MAA | Date: December 13, 2023 |
| Title: Altaa Investments, LLC et al v. Production Capital, LLC *et al.* | |

multiplied by seven percent provides an annual interest amount of $41,650. The annual interest amount of $41,650 divided by 365 days provides for a daily interest amount of $114.11. For Plaintiff 18150 Tiger, LLC, the funds were deposited on June 10, 2021, and judgment was entered on July 14, 2023, for a total of 764 days. A daily interest amount of $114.11 multiplied by 764 days is $87,179.73.

- Plaintiff Altaa Investments, LLC was awarded $728,333.20 in damages. Interest on this sum at seven percent per annum from August 13, 2021, to July 14, 2023, is **$97,776.24**. The interest due is calculated as follows. The judgment of $728,333.20 multiplied by seven percent provides an annual interest amount of $50,983.32. The annual interest amount of $50,983.32 divided by 365 days provides for a daily interest amount of $139.68. For Plaintiff Altaa Investments, LLC, the funds were deposited on August 13, 2021, and judgment was entered on July 14, 2023, for a total of 700 days. A daily interest amount of $139.68 multiplied by 700 days is $97,776.24.

- Plaintiff Pacific Venture Partners, LLC was awarded $345,454.20 in damages. Interest on this sum at seven percent per annum from August 13, 2021, to July 14, 2023, is **$46,376.04**. The interest due is calculated as follows. The judgment of $345,454.20 multiplied by seven percent provides an annual interest amount of $24,181.79. The annual interest amount of $24,181.79 divided by 365 days provides for a daily interest amount of $66.25. For Plaintiff Pacific Venture Partners, LLC, the funds were deposited on August 13, 2021, and judgment was entered on July 14, 2023, for a total of 700 days. A daily interest amount of $66.25 multiplied by 700 days is $46,376.04.

Accordingly, the court concludes Plaintiffs are entitled to prejudgment interest in the total amount of **$231,332.01**, with an amended judgment to issue separately.

Plaintiffs also request that the court amend the judgment to include Plaintiffs' costs. (Dkt. 215 at 5.) The court observes Plaintiffs separately filed an Application to the Clerk to Tax Costs. (Dkt. 214.) On September 7, 2023, the Clerk entered a bill of costs allowing **$28,251.24**

___

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:22-cv-00498-FWS-MAA | Date: December 13, 2023 |
| Title: Altaa Investments, LLC et al v. Production Capital, LLC *et al.* | |

in costs. (Dkt. 242.) Given that Plaintiffs' Application to the Clerk to Tax Costs has been resolved by the Clerk, the court thus **GRANTS** Plaintiffs' Motion for Order to Include Specific Amounts of Prejudgment Interest and Costs in Final Judgment (Dkt. 215) and **DENIES** Defendant's Motion to Amend Judgment (Dkt. 216). An amended judgment will issue separately.

### b. Defendant's Motion for New Trial (Dkt. 239)

Under Federal Rule of Civil Procedure 59(a)(1), a court "may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1). "Rule 59 does not specify the grounds on which a motion for a new trial may be granted; instead, it allows such a motion to be granted 'for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States.'" *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir. 2003) (quoting Fed. R. Civ. P. 59(a)). Courts are "thus bound by those grounds that have been historically recognized." *Id.* at 1035. In the Ninth Circuit, "[t]he trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." *Passantino v. Johnson & Johnson Consumer Prod., Inc.*, 212 F.3d 493, 510 n.15 (9th Cir. 2000).

"Doubts about the correctness of the verdict are not sufficient grounds for a new trial: the trial court must have a firm conviction that the jury has made a mistake." *Landes Const. Co. v. Royal Bank of Can.*, 833 F.2d 1365, 1372 (9th Cir. 1987). In considering a Rule 59(a) motion for a new trial, a court "is not required to view the trial evidence in the light most favorable to the verdict." *Experience Hendrix L.L.C. v. Hendrixlicensing.com Ltd.*, 762 F.3d 829, 842 (9th Cir. 2014). "Instead, the district court can weigh the evidence and assess the credibility of the witnesses." *Id*.

In this case, Defendant argues a new trial should be granted on Plaintiffs' intentional misrepresentation claim for several reasons: (1) the jury's verdict as to the intentional misrepresentation claim was against the weight of the evidence; (2) the jury instructions and

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-00498-FWS-MAA                        Date: December 13, 2023
Title: Altaa Investments, LLC et al v. Production Capital, LLC *et al.*

___

verdict forms excused Plaintiffs from proving causation and gave the jury insufficient guidance on applying the law; (3) the jury should have been instructed on nonactionable opinions, proximate causation, and vicarious liability; (4) there were evidentiary errors as to statements made by Kevin Robl and others to Defendant, evidence of Defendant's investments into the deals, evidence regarding Remington Chase, and an exculpatory email; and (5) Plaintiffs' counsel allegedly disregarded the rules regarding opening and closing statements. (Dkt. 239 at 11-29.) The court addresses each argument below.

### i. The Jury's Verdict Was Not Against the Weight of the Evidence

Defendant argues the jury's verdict as to Plaintiffs' intentional misrepresentation claim was against the weight of the evidence and must be vacated because there was no evidence that any statement was false, no evidence of causation, and no evidence of scienter. (Dkt. 239 at 11-13.) The court briefly reviews the evidence presented to the jury at trial regarding the falsity of any statement, causation, and scienter.

First, as to evidence that any statement by Defendant was false, Plaintiffs presented evidence supporting that several statements regarding the deals at issue were false, including:

1) A May 28, 2021, email from Defendant to Mr. Talib Fakhri states that an investment opportunity was available for the movie "The Meg 2" ("Meg 2 deal") because Production Capital's excess capital was tied up in "subordination requirements." (*See* Dkt. 244-1 ("Dworsky Decl.") ¶ 14, Exh. 11 (Trial Exhibit P-9).) However, Defendant testified at trial that he believed that the true reason Production Capital was accepting outside investment funds was because the company was having cash flow problems. (*See* Dworsky Decl. ¶ 9, Exh. 6 at 142:7-143:9.)

2) A May 28, 2021, email from Defendant to Mr. Talib Fakhri states that the Meg 2 deal was secured by a completion bond that was rated "A/AA" by Allianz and/or Lloyds. (*See* Dworsky Decl. ¶ 14, Exh. 11 (Trial Exhibit P-9).) Mr. Fakhri testified at trial that he interpreted the existence of the completion bond to mean that the investment was "super safe" because there were "two massive companies that are the insurance companies

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-00498-FWS-MAA                            Date: December 13, 2023
Title: Altaa Investments, LLC et al v. Production Capital, LLC *et al.*

insuring this completion bond." (*See* Dworsky Decl. ¶ 4, Exh. 1 at 118:18-119:13.) However, Defendant testified at trial that he did not know if a completion bond had been in effect for the Meg 2 deal. (*See* Dworsky Decl. ¶ 9, Exh. 6 at 153:4-154:10.)

3) Defendant represented to Plaintiffs that he had communicated to Robert Abramoff that investor funds were to be held in trust for a deal for the movie "Groove Tails" ("Groove Tails deal"). (*See* Dworsky Decl. ¶ 11, Exh. 8 at 156:2-4; Dworsky Decl. ¶ 6, Exh. 3 at 18:6-25; Dworsky Decl. ¶ 7, Exh. 4 at 54:4-14; Dworsky Decl. ¶ 11, Exh. 8 at 156:5-7.) However, Mr. Abramoff testified at trial that he had never been told by Defendant that his firm would be acting as an escrow agent and responsible for holding investor funds in an attorney-client trust account. (*See* Dworsky Decl. ¶ 12, Exh. 9 at 29:12-31:14; Dworsky Decl. ¶ 15, Exh. 12 (Trial Exhibit P-27).)

Second, as to evidence of causation, Plaintiffs testified at trial that Defendant was the only source of information about the deals and that they would not have invested had they been provided full and accurate information. (*See* Dworsky Decl. ¶ 4, Exh. 1 at 136:18-137:21, 145:2-5, 148:7-12; Dworsky Decl. ¶ 8, Exh. 5 at 41:3-10; Dworsky Decl. ¶ 7, Exh. 4 at 64:14-65:21.)

Third, as to evidence of scienter, Plaintiffs introduced evidence at trial that Mr. Mohammed's job was to "make sure there's financing for deals" and encouraged Plaintiffs to invest as much money as possible, such as by instructing Plaintiffs to "[t]ry to get to the biggest number you can." (*See* Dworsky Decl. ¶ 10, Exh. 7 at 44:19-24; Dworsky Decl. ¶ 11, Exh. 8 at 212:7-24; Dworsky Decl. ¶ 16, Exh. 13 at 326 (Trial Exhibit P-8).) Plaintiffs also introduced evidence that Defendant and Kevin Robl would split profits on deals financed by Defendant. (*See* Dworsky Decl. ¶ 8, Exh. 5 at 82:20-83:5.)

Plaintiffs also introduced evidence of Defendant's knowledge of various facts, including that Mr. Robl had been late in paying his "profit-sharing" fees for three months in early 2021, and the two had agreed to use investor funds to pay the unpaid fees, and that Production Capital had missed a redemption date for another investor. (*See* Dworsky Decl. ¶ 9, Exh. 6 at 109:6-

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:22-cv-00498-FWS-MAA | Date: December 13, 2023 |
| Title: Altaa Investments, LLC et al v. Production Capital, LLC *et al.* | |

110:16; Dworsky Decl. ¶ 18, Exh. 15 (Trial Exhibit P-237); Dworsky Decl. ¶ 9, Exh. 6 at 125:12-18.)

The court observes that on a new trial motion, "a stringent standard applies when the motion [for new trial] is based on insufficiency of the evidence." *Venegas v. Wagner*, 831 F.2d 1514, 1519 (9th Cir. 1987). "A motion for a new trial may be granted on this ground only if the verdict is against the great weight of the evidence or it is quite clear that the jury has reached a seriously erroneous result." *Id*. (internal quotation marks and citation omitted).

Based on the record before the court, as applied to the applicable law, the court concludes Defendant has not met this stringent standard by demonstrating that the jury's verdict was against the great weight of the evidence or that the jury reached a seriously erroneous result. As detailed above, Plaintiffs presented evidence at trial regarding the falsity of various statements made by Defendant, causation, and scienter. Accordingly, Defendant's motion for new trial is **DENIED** as to Defendant's argument that the jury's verdict was against the weight of the evidence.

### ii. The Jury Instructions Properly Instructed the Jury

Defendant argues the jury should have been given four additional instructions regarding proximate cause, "nonactionable opinions," "hindsight bias," and vicarious liability. (Dkt. 239 at 13-18.)

"[J]ury instructions must fairly and adequately cover the issues presented, must correctly state the law, and must not be misleading.'" *Gantt v. City of Los Angeles*, 717 F.3d 702, 706 (9th Cir. 2013) (quoting *White v. Ford Motor Co*., 312 F.3d 998, 1012 (9th Cir. 2002)). "A party is entitled to an instruction about his or her theory of the case if it is supported by law and has foundation in the evidence." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). An error in a jury instruction is reviewed for harmless error. *Dang v. Cross*, 422 F.3d 800, 811 (9th Cir. 2005); *Caballero v. City of Concord*, 956 F.2d 204, 206 (9th Cir. 1992) ("An error in instructing the jury in a civil case requires reversal unless the error is more probably than not

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:22-cv-00498-FWS-MAA | Date: December 13, 2023 |
| Title: Altaa Investments, LLC et al v. Production Capital, LLC *et al.* | |

harmless."). "If, however, the error in the jury instruction is harmless, it does not warrant reversal." *Dang*, 422 F.3d at 805.

In this case, the court briefly reviews the record as to the instructions that were requested by the parties before trial, and those that were actually given to the jury. During trial, the parties submitted an updated set of disputed jury instructions. (Dkt. 179.) This disputed set included the following proposed instructions: (1) an instruction for Plaintiff's intentional misrepresentation claim, which was modeled on CACI No. 1900 (intentional misrepresentation); (2) an instruction for "nonactionable opinion" that did not rely on a model instruction; (3) an instruction for "facts not evaluated in hindsight" that did not rely on a model instruction; and (4) an instruction for vicarious liability that did not rely on a model instruction. (*Id.*) The jury was instructed as to Plaintiff's intentional misrepresentation claim under CACI No. 1900 and was not instructed as to "nonactionable opinion," "facts not evaluated in hindsight," or vicarious liability. (Dkt. 197.)

First, as to the intentional misrepresentation instruction, Defendant requested that the court modify CACI No. 1900 to alter the final element of causation from substantial factor to proximate cause. (Dkt. 179 at 8-11.) The court finds the CACI No. 1900 instruction given to the jury was an accurate statement of the law. *See* CACI No. 1900; *Williams v. Wraxall*, 33 Cal. App. 4th 120, 132 (1995) ("Causation requires proof that the defendant's conduct was a 'substantial factor' in bringing about the harm to the plaintiff."). The court also finds the verdict form for Plaintiffs' intentional misrepresentation claim, which was modeled on CACI No. VF-1900, accurately instructed the jury to consider whether Plaintiffs' reliance on Defendant's representation was a substantial factor in causing Plaintiffs' harm. (*See* Dkt. 196; CACI No. VF-1900.)

Second, as to Defendant's remaining instructions regarding "nonactionable opinion," "facts not evaluated in hindsight," and vicarious liability, Defendant proposed instructions that were original in their drafting. In other words, Defendant's proposed instructions did not rely on any CACI or Ninth Circuit model jury instruction but instead appeared to have been drafted for the first time by Defendant. (*See* Dkt. 179 at 41, 45, 47.) Nor did Defendant sufficiently

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:22-cv-00498-FWS-MAA | Date: December 13, 2023 |
| Title: Altaa Investments, LLC et al v. Production Capital, LLC *et al.* | |

cite to authority demonstrating that such instructions had been given in a factually or legally similar case.[1]  (*Id.*)

Based on the record before the court, as applied to the applicable law, the court concludes that the jury was correctly instructed as to the elements of Plaintiffs' intentional misrepresentation claim in accordance with CACI No. 1900 and received a verdict form accurately capturing the elements of the claim.  The court further concludes Defendant's remaining requested instructions regarding "nonactionable opinions," "hindsight bias," and vicarious liability were properly rejected because they did not correctly state the law and did not have a sufficient foundation in the evidence.  *See Gantt*, 717 F.3d at 706; *Jones*, 297 F.3d at 934.  Accordingly, Defendant's motion for new trial is **DENIED** as to Defendant's argument that the jury instructions were improper or incomplete.

### iii. The Court Finds No Evidentiary Errors that Warrant a New Trial

Defendant next argues the court committed four evidentiary errors regarding the following pieces of evidence: (1) ruling that statements made by Robl and others to Defendant were inadmissible hearsay; (2) excluding evidence regarding Defendant's investments into the Meg 2 and Groove Tails deals; (3) admitting evidence regarding Remington Chase and Knightsbridge Capital; and (4) excluding an email produced after discovery.  (Dkt. 239 at 19-25.)

Under Federal Rule of Civil Procedure 61, "[u]nless justice requires otherwise, no error in admitting or excluding evidence—or any other error by the court or a party—is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order."  Fed. R. Civ. P. 61.  "At every stage of the proceeding, the

___

[1] Although Defendant argues it requested an instruction for nonactionable opinions based on CACI No. 1904 (opinions as statements of fact), the court observes the instruction proposed by Defendant was not modeled off CACI No. 1904.  (*Compare* Dkt. 179 at 41 *with* CACI No. 1904).  Accordingly, Defendant's argument that the court rejected a proposed model jury instruction is not supported by the record.

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-00498-FWS-MAA                              Date: December 13, 2023
Title: Altaa Investments, LLC et al v. Production Capital, LLC *et al.*

___

court must disregard all errors and defects that do not affect any party's substantial rights." *Id*. "A new trial is only warranted when an erroneous evidentiary ruling 'substantially prejudiced' a party." *Ruvalcaba v. City of Los Angeles*, 64 F.3d 1323, 1328 (9th Cir. 1995) (quoting *United States v. 99.66 Acres of Land*, 970 F.2d 651, 658 (9th Cir. 1992)).

The court reviews each of Defendant's proposed evidentiary errors.

First, although Defendant argues the court erred in ruling that statements made by Robl and others to Defendant were inadmissible hearsay, the record does not sufficiently support Defendant's argument. In this case, the parties did not move for a blanket exclusion of such evidence in their motions *in limine* (*see* Dkt. 136), and the court thus handled any hearsay objections at trial on a case-by-case basis, as the objections arose. (*Id*.) For example, when Plaintiffs' counsel asked Defendant how he learned about the Meg 2 deal, Defendant's counsel objected on hearsay grounds. The court then overruled the objection and Defendant continued to testify:

> **Q**: Okay. How did you learn about the Meg 2 deal?
> **A**: From Mr. Robl.
> **MR. RUSHING**: Objection. Calls for hearsay.
> **THE COURT**: Overruled. Answer will stand. Ask your next question, please.
> **Q**: Other than a conversation with Mr. Robl, did you have any other sources of information about the Meg 2 deal?
> **A**: No.

(*See* Dkt. No. 239-1 ("Avagyan Decl.") ¶ 10, Exh. 8 at 128:13-21.)

At other points in trial, Defendant testified regarding his communications with Mr. Robl:

> **Q**. Sir, on the 12th of August, do you recall texting with Mr. Robl?
> **A**. Yes. I'm sure we were texting.
> **Q**. And do you recall – and, again, I don't want to know what Mr. Robl said to you, but do you recall requesting something of Mr. Robl?

___

**CIVIL MINUTES – GENERAL**                                                                 12

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-00498-FWS-MAA                              Date: December 13, 2023
Title: Altaa Investments, LLC et al v. Production Capital, LLC *et al.*

> **A.** Yes, I do.
> **Q.** What did you request of Mr. Robl?
> **A.** That he send the final documents over to Mr. Abramoff.
> \*\*\*
> **Q.** Sir, did you rely on your request to Mr. Robl?
> **A.** Yes.

(*See* Dkt. 244-1 ("Dworsky Decl.") ¶ 11, Exh. 8 at 176:2-18).

In summary, although Defendant suggests the court erred by issued a blanket ruling excluding such evidence, the record does not sufficiently support that any such blanket ruling was issued. To the extent that Defendant challenges each instance that a hearsay objection was either overruled or sustained, Defendant does not sufficiently identify each ruling at issue for the court. (Dkt. 239 at 19-21.)

Second, as to evidence of Defendant's investment in the Meg 2 and Groove Tails deals, the court permitted Defendant to testify that he had invested in the deals but not as to the specific amount invested. (*See* Dworsky Decl. ¶ 11, Exh. 8 at 166:5-14; *id*. at 166:25 ("[H]e can talk about that he invested in the deal.")). The court's ruling at trial was consistent with the court's pre-trial ruling that Plaintiffs could not introduce evidence of the amount of Defendant's compensation because of the risk of prejudice to Defendant. (Dkt. 136 at 19.)

In short, the court ruled that just as Plaintiffs could not introduce evidence of the amount of Defendant's profits, Defendant similarly could not introduce evidence of the amount of his losses. In accordance with these limitations, Defendant's counsel argued to the jury during closing argument that Defendant had "lost his own money" and thus lacked fraudulent intent. (*See* Dworsky Decl. ¶ 13, Exh. 10 at 109:8-14 ("Second, consider the fact that Ibrahim invested his own money in the Meg 2 and in Groove Tails, and his family did too. Now, that is no small fact. The man lost his own money because Kevin Robl stole it when he flew the coop. . . . You don't have to be Sherlock to figure out that a guy doesn't steal his own money. That's how you know that the plaintiffs, they just -- they can't show intentional fraud here. Ibrahim didn't steal his own money.").

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:22-cv-00498-FWS-MAA | Date: December 13, 2023 |
| Title: Altaa Investments, LLC et al v. Production Capital, LLC *et al.* | |

In summary, although Defendant argues the court erred by precluding Defendant's testimony about the *amount* of his investment, Defendant was still permitted to testify that he had personally invested in the deals. Such evidence was also referenced in closing argument as evidence rebutting fraudulent intent. Accordingly, based on the record before the court, the court concludes the record does not support that Defendant was substantially prejudiced by the jury failing to hear evidence of the amount of Defendant's investment. *See Ruvalcaba*, 64 F.3d at 1328.

Third, Defendant argues the court erred by admitting evidence regarding Knightsbridge Capital and Remington Chase, the head of Knightsbridge Capital, on the ground that the evidence had no relevance to this case. (Dkt. 239 at 23-24.) The relevance of this evidence was previously litigated in Defendant's motion *in limine* no. 2, which the court denied prior to trial. (*See* Dkt. 136 at 10-11.) At trial, Plaintiffs presented evidence that Defendant's marketing materials referenced a business relationship between Production Capital and Knightsbridge Capital, that Defendant learned in November 2020 of Remington Chase misappropriating investor funds, and that this information was not disclosed to Plaintiffs. (*See* Dworsky Decl. ¶ 4, Exh. 1 at 90:17-91:23; *id*. ¶ 17, Exh. 14 (Trial Exh. P-207); *id*. ¶ 9, Exh. 6 at 66:3-11; *id*. ¶ 11, Exh. 8 at 278:22-280:2.) Accordingly, although Defendant argues the evidence had no relevance to the case, Plaintiffs produced evidence at trial that such information was relevant to Plaintiffs' decision to invest in the deals and Defendant's intent.

Finally, Defendant argues the court erred by excluding an email produced after the discovery cut-off. (Dkt. 239 at 24-25.) Whether this particular email should be introduced into evidence was previously litigated in Plaintiffs' motion *in limine* no. 1. (Dkt. 136 at 6-7.) Under Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Evid. 37(c)(1). The briefing for the motion *in limine* indicated that the email had been produced after the discovery cut-off, after Defendant's deposition, after counsel had confirmed under oath and penalty of perjury that all communications with Mr. Robl had been produced, and after Plaintiffs moved for summary

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:22-cv-00498-FWS-MAA | Date: December 13, 2023 |
| Title: Altaa Investments, LLC et al v. Production Capital, LLC *et al.* | |

judgment. (*Id*.) The court thus excluded the email on the ground that Defendant had not sufficiently demonstrated why the discovery violation was substantially justified or harmless under Federal Rule of Civil Procedure 37(c)(1). (*Id*.)

Based on the record before the court, as applied to the applicable law, the court concludes the four evidentiary errors challenged by Defendant—that the court erred in its hearsay rulings, by excluding evidence of the amount of Defendant's investment, by admitting evidence regarding Remington Chase and Knightsbridge, and by excluding an email not produced during discovery—are not meritorious and do not constitute grounds for a new trial. *See Ruvalcaba*, 64 F.3d at 1328 ("A new trial is only warranted when an erroneous evidentiary ruling 'substantially prejudiced' a party.") (citation omitted). Accordingly, Defendant's motion for new trial is **DENIED** as to Defendant's argument that evidentiary errors warrant a new trial.

### iv. The Court Finds Plaintiffs' Counsel Did Not Disregard the Rules Regarding Opening and Closing Statements

Finally, Defendant argues a new trial is warranted due to attorney misconduct during opening and closing statements. (Dkt. 239 at 25-29.) Specifically, Defendant argues Plaintiffs' counsel improperly argued that Defendant's compensation was tied to the amount of money he raised, that Defendant's investments in Production Capital were illusory, and that counsel mischaracterized Mr. Abramoff's testimony. (*Id*.)

A new trial is warranted on the ground of attorney misconduct during the trial where the flavor of misconduct . . . sufficiently permeate[s] an entire proceeding to provide conviction that the jury was influenced by passion and prejudice in reaching its verdict." *Anheuser-Busch, Inc. v. Nat. Beverage Distribs.*, 69 F.3d 337, 346 (9th Cir. 1995) (citation and internal quotation marks omitted). Courts consider "the totality of circumstances, including the nature of the comments, their frequency, their possible relevancy to the real issues before the jury, the manner in which the parties and the court treated the comments, the strength of the case, and the verdict itself." *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1193 (9th Cir. 2002) (citation omitted).

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:22-cv-00498-FWS-MAA | Date: December 13, 2023 |
| Title: Altaa Investments, LLC et al v. Production Capital, LLC *et al.* | |

First, as to counsel's argument that Defendant's compensation was tied to the amount of money he raised, the court observes Defendant testified at trial that he received a 50 percent share of profits on deals that he financed. (*See* Dkt. 244-1 ("Dworsky Decl.") ¶ 8, Exh. 5 at 82:20-23.) Second, as to whether Defendant personally invested in Production Capital, the court observes that consistent with the court's ruling regarding Defendant's profits or losses, no evidence was presented at trial of the amount of Defendant's investment. Nor did any party present evidence of Defendant transferring or wiring his personal funds into Production Capital.

Third, Defendant argues Plaintiffs' counsel mischaracterized Mr. Abramoff's testimony regarding whether Mr. Robl had instructed him to transfer money out of an attorney-client trust account. (Dkt. 239 at 28-29.) The court observes that Mr. Abramoff testified that at one point, he received an email from Mr. Robl instructing Mr. Abramoff to handle the funds per instructions previously sent by a different individual, Daniel Petta. (*See* Dkt. 239-1 ("Avagyan Decl.") ¶ 13, Exh. 11 at 57:1-23) (stating "[t]he only instructions for those funds are the ones below that Daniel sent for the 5mm")). In short, the parties dispute whether the email—which includes instructions from both Mr. Robl and Mr. Petta—should be properly interpreted as Mr. Abramoff following Mr. Robl's instructions regarding the funds *or* Mr. Petta's instructions. The court concludes that, at most, the parties' dispute concerns the proper characterization of an email containing two sets of instructions, rather than attorney misconduct.

In summary, the court concludes a new trial is not warranted based on the alleged misconduct of Plaintiffs' counsel. *See Anheuser-Busch*, 69 F.3d at 346; *Hemmings*, 285 F.3d at 1193. Accordingly, Defendant's motion for new trial is **DENIED** as to Defendant's argument that Plaintiffs' counsel committed misconduct.

### c. Defendant's Renewed Motion for Judgment as a Matter of Law (Dkt. 240)

Under Federal Rule of Civil Procedure 50(a)(1), "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-00498-FWS-MAA                        Date: December 13, 2023
Title: Altaa Investments, LLC et al v. Production Capital, LLC *et al.*

favorable finding on that issue." Fed. R. Civ. P. 50(a)(1). A party may also renew a motion for judgment as a matter of law. *See* Fed. R. Civ. P. 50(b).

"Because it is a renewed motion, a proper post-verdict Rule 50(b) motion is limited to the grounds asserted in the pre-deliberation Rule 50(a) motion. Thus, a party cannot properly 'raise arguments in its post-trial motion for judgment as a matter of law under Rule 50(b) that it did not raise in its preverdict Rule 50(a) motion.'" *E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009) (quoting *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003)).

Judgment as a matter of law is appropriate where "the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to that of the jury." *White v. Ford Motor Co.*, 312 F.3d 998, 1010 (9th Cir. 2002); *see also Lakeside-Scott v. Multnomah Cnty.*, 556 F.3d 797, 803 (9th Cir. 2009) ("JMOL is appropriate when the jury could have relied only on speculation to reach its verdict."). "A jury's verdict must be upheld if it is supported by substantial evidence. Substantial evidence is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion from the same evidence." *Johnson v. Paradise Valley Unified Sch. Dist.*, 251 F.3d 1222, 1227 (9th Cir. 2001) (citation omitted).

In this case, Defendant argues judgment as a matter of law should be entered in favor of Defendant on every claim because Plaintiffs have failed to prove proximate causation, actionable false statements, and fraudulent intent. (Dkt. 240 at 6, 14-34.)

After reviewing Defendant's renewed motion for judgment as a matter of law, the court concludes Defendant reiterates the same arguments asserted in Defendant's motion for new trial regarding whether the jury's verdict was against the weight of the evidence. (*See* Dkt. 239 at 11-13.) Specifically, Defendant again challenges whether Plaintiffs presented evidence regarding the falsity of any statement, causation, and scienter. (*Id.*) The court does not restate the evidence presented at trial regarding these three elements, which is cited above. *See* Section I(b)(i), *supra*. The court concludes that substantial evidence supports the jury's conclusion regarding whether Defendant made actionable false statements, if the statements caused

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:22-cv-00498-FWS-MAA | Date: December 13, 2023 |
| Title: Altaa Investments, LLC et al v. Production Capital, LLC *et al.* | |

Plaintiffs' harm, and Defendant's intent. *See Johnson*, 251 F.3d at 1227 ("A jury's verdict must be upheld if it is supported by substantial evidence. Substantial evidence is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion from the same evidence."). Accordingly, Defendant's renewed motion for judgment as a matter of law is **DENIED**.

## II. Disposition

For the reasons set forth above, and consistent with the court's analysis above, the court summarizes its rulings as follows:

1. The court **GRANTS** Plaintiffs' Motion for Order to Include Specific Amounts of Prejudgment Interest and Costs in Final Judgment (Dkt. 215) with total prejudgment interest in the amount of **$231,332.01** to Plaintiffs (comprised of $87,179.73 to Plaintiff 18150 Tiger, LLC, $97,776.24 to Plaintiff Altaa Investments, LLC, and $46,376.04 to Plaintiff Pacific Venture Partners, LLC) and costs in the amount of **$28,251.24**;

2. The court **DENIES** Defendant's Motion to Amend Judgment (Dkt. 216);

3. The court **DENIES** Defendant's Motion for New Trial (Dkt. 239); and

4. The court **DENIES** Defendant's Renewed Motion for Judgment as a Matter of Law (Dkt. 240).

**IT IS SO ORDERED.**          Initials of Deputy Clerk:  mku

CC: FISCAL

___